IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| **SHARVE'E TYER** | ) JURY TRIAL DEMANDED |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| **PLAZA SERVICES LLC.** | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. Plaintiff, Sharve'e Tyer ("Plaintiff"), an individual consumer, brings this action against Plaza Services, LLC. ("Defendant"), a debt collection agency, under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., for violations of the rights afforded to consumers under the statute. The FDCPA was enacted by Congress to eliminate abusive, deceptive, and unfair debt collection practices, to ensure that those who collect debts do so in a

1

manner that is fair and reasonable, and to provide consumers with mechanisms to dispute and resolve debts.

## II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this District because Defendant resides within this district and conducts business in this district, and a substantial portion of the events giving rise to the claims occurred within this district.

## III. PARTIES

4. Plaintiff, Sharve'e Tyer, is a natural person and a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant, Plaza Services, LLC., is a corporation with its principal place of business located at 110 Hammond Drive, Suite 110, Atlanta, GA, 30328.

6. Defendant regularly collects or attempts to collect debts owed to others and is therefore considered a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

7. Plaintiff owed a debt to American Credit Acceptance (the "Debt").

8. The Debt was incurred primarily for personal, family, or household purposes and therefore qualifies as a "debt" under 15 U.S.C. § 1692a(5).

9. On or about March 19, 2025, Plaintiff sent a refusal to pay letter to Defendant, via certified mail, exercising his rights under 15 U.S.C. § 1692c(c).

10. The letter stated that Plaintiff refused to pay to the debt collector and requested that Defendant cease all further communication with her regarding the Debt unless Defendant intended to take legal action.

11. The refusal to pay letter was delivered to Defendant on April 1, 2025, as confirmed by certified mail tracking number 9589071052702000276734

12. On or about April 9, 2025, Plaintiff reviewed her consumer report and observed that Defendant marked the debt owed to American Credit Acceptance as disputed by the consumer, which was false because Plaintiff never disputed the alleged debt.

13. Defendant's publishing of such inaccurate and incomplete information and use of illegal debt collection tactics has severely damaged the personal and credit reputation of Plaintiff.

16. Plaintiff has suffered actual damages as a result of the illegal debt collection activity by Defendant in the form of intrusion upon seclusion, defamation, emotional distress, mental anguish, personal embarrassment loss of money

with postage, loss of productive time, anger, anxiety, decreased ability to focus on tasks and frustration, amongst other negative emotions.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Violation of 15 U.S.C. § 1692e(8)

17. Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

18. Defendant violated 15 U.S.C. § 1692e(8) of the FDCPA by communicating credit information which is known or should be known to be false, including reporting an alleged debt as disputed that was never disputed by the consumer.

19. As a direct and proximate result of Defendant's actions, Plaintiff has suffered actual damages, including harm to his creditworthiness, reputational damage, and emotional distress.

20. Plaintiff is entitled to actual damages, statutory damages, and attorney's fees under 15 U.S.C. § 1692k.

### SECOND CLAIM FOR RELIEF

### Violation of 15 U.S.C. § 1692c(c): Communication After Refusal to Pay

21. Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

22. Defendant violated 15 U.S.C. § 1692c(c) by continuing collection efforts after Plaintiff had properly invoked her right to refuse payment. This includes Defendant's false report to consumer reporting agencies, despite Plaintiff's refusal to pay.

23. Plaintiff is entitled to actual damages, statutory damages, and attorney's fees under 15 U.S.C. § 1692k for Defendant's unlawful conduct.

## THIRD CLAIM FOR RELIEF

**Violation of 15 U.S.C. § 1692e(2)(A): Misrepresentation of Debt Status**

30. Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

31. Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the legal status of the Debt by falsely reporting it as "disputed," which misled third-party consumer reporting agencies and affected Plaintiff's creditworthiness.

32. Plaintiff is entitled to actual damages, statutory damages, and attorney's fees as provided under 15 U.S.C. § 1692k.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court:

1. Enter a declaratory judgment that Defendant's conduct violated the FDCPA;

2. Award actual damages pursuant 15 U.S.C. § 1692k(a)(1);

3. Award statutory damages of $1,000, as provided under 15 U.S.C. § 1692k(a)(2)(A);

4. Award attorney's fees, costs of litigation, and interest, as provided under 15 U.S.C. § 1692k(a)(3);

5. Award any other further relief the Court deems just and proper.

Respectfully submitted,

By: /s/ Naja I. Hawk
**NAJA I. HAWK**
Pleadings@thehawklegal.com
GA Bar Number: 916396
THE HAWK LEGAL COLLECTIVE
730 Peachtree Street NE, #570
Atlanta, GA 30308
Phone: (404) 439-9310

**Counsel for Plaintiff**